### RICHARD HECKSCHER v. THOMAS J. MIDDLETON.

A judgment entered upon a *cognovit* will not be opened because of a verbal
promise, alleged to have been made at the time of giving the *cognovit*,
that the judgment would never be enforced.

This is a motion to open a judgment entered against the defendant and for a rule allowing him to plead to the action of the plaintiff.

Argued at November Term, 1891, before Justices DIXON, REED and GARRISON.

For the motion, *John J. Crandall.*

*Contra, Samuel W. Beldon.*

The opinion of the court was delivered by

REED, J.    The plaintiff brought an action against the defendant upon a certain promissory note.   A plea was filed and issue joined by the defendant.   After several postponements of the trial of the cause from term to term, the defendant, or his attorney, signed a *cognovit actionem relicta verificatione.*   Thereupon judgment was entered by the plaintiff.

The defendant now seeks to open the judgment thus entered upon the ground that at the time when the *relicta* was given he was assured, verbally, that the judgment would never be enforced against him.   Inasmuch as execution has been issued against him, the defendant claims that the agreement has been violated and that he should be permitted to withdraw his *relicta* and contest the action.

It was a common practice to enter into an agreement at the time of confessing the judgment, by which the defendant should have time or terms of payment.   This agreement was made as a part of the *cognovit.*   The court would then see that the terms were performed.   1 *Tidd* 560.

No case can be found, I am sure, in which the agreement was that the judgment confessed should be a nullity, as in this

case. But the condition, whatever it was, was required to be in writing, because the *cognovit* was always in that form. An unconditional *cognovit* cannot be varied by any verbal agreement. It stands in the same attitude as any other writing which cannot be affected by any contemporaneous unwritten talk. No case is needed to support so obvious a rule of evidence, but the point will be found to be ruled in an anonymous case reported in 7 *Dow. & Ry.* 375.

The rule is discharged, with costs.